**EJ-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO.: 234423 | FOR COURT USE ONLY |
|---|---|
| NAME: Todd E. Jaworsky | |
| FIRM NAME: McElroy, Deutsch, Mulvaney & Carpenter, LLP | |
| STREET ADDRESS: 5600 South Quebec Street, Suite C100 | |
| CITY: Greenwood Village   STATE: CO   ZIP CODE: 80111 | |
| TELEPHONE NO.: 3032938800   FAX NO.: 3038390036 | |
| E-MAIL ADDRESS: tjaworsky@mdmc-law.com | |
| ATTORNEY FOR (name): TIMOTHY W. FITZ and KELLY E. FITZ | |
| [X] ORIGINAL JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** USDC - Northern District of California
STREET ADDRESS: 1301 Clay Street          4:20-mc-80060-DMR
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Oakland Division

Plaintiff: TIMOTHY W. FITZ and KELLY E. FITZ
Defendant: Can D. Gidding, Four Year Gap, LLC, Midshore Marketing, Inc. and Janus Arc

CASE NUMBER: 4:20-mc-80060-DMR

**WRIT OF**
[X] EXECUTION (Money Judgment)
[ ] POSSESSION OF   [ ] Personal Property
[ ] SALE            [ ] Real Property

[ ] Limited Civil Case (including Small Claims)
[X] Unlimited Civil Case (including Family and Probate)

1. **To the Sheriff or Marshal of the County of:** C/CA-LA
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. **To any registered process server:** You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): TIMOTHY W. FITZ and KELLY E. FITZ
   is the [X] original judgment creditor  [ ] assignee of record  whose address is shown on this form above the court's name.
4. **Judgment debtor** (name, type of legal entity if not a natural person, and last known address):

   Can D. Gidding a/k/a Can Danny Gidding
   a/k/a John Gidding
   477 Vermont Street
   San Francisco, California 94107

   [X] Additional judgment debtors on next page

5. **Judgment entered** on (date): March 6, 2020
6. [ ] Judgment renewed on (dates):

7. **Notice of sale** under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.

**For Items 11–17, see form MC-012 and form MC-013-INFO**

11. Total judgment (as entered or renewed)          $ 819,926.66
12. Costs after judgment (CCP 685.090)              $ 0.00
13. Subtotal (add 11 and 12)                        $ 819,926.66
14. Credits to principal (after credit to interest) $ 0.00
15. Principal remaining due (subtract 14 from 13)   $ 819,926.66
16. Accrued interest remaining due per CCP
    685.050(b) (not on GC 6103.5 fees)              $ 180,428.84
17. Fee for issuance of writ                        $ 0.00
18. **Total** (add 15, 16, and 17)                  $ 1,000,355.50
19. **Levying officer:**
    a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) ............ $ 179.71
    b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) ............ $ 0

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

Issued on (date): 4/12/2021          Clerk, by *Susan Y. Soong / Bethany Sims*, Deputy

**NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.**

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

|  |  | **EJ-130** |
|---|---|---|
| Plaintiff: TIMOTHY W. FITZ and KELLY E. FITZ<br>Defendant: Can D. Gidding, Four Year Gap, LLC, Midshore Marketing, Inc., et al. | | CASE NUMBER:<br>4:20-mc-80060-DMR |

21. [x] Additional judgment debtor *(name, type of legal entity if not a natural person, and last known address):*

Midshore Marketing, Inc.
80 Hogue Street
Atlanta, Georgia 30312

Four Year Gap LLC
1270 Caroline Street, Suite D120-416
Atlanta, Georgia 30312

22. [ ] Notice of sale has been requested by *(name and address):*

23. [ ] Joint debtor was declared bound by the judgment (CCP 989–994)
    a. on *(date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    a. on *(date):*
    b. name, type of legal entity if not a natural person, and last known address of joint debtor:

    c. [ ] Additional costs against certain joint debtors are itemized:   [ ] Below   [ ] On Attachment 23c

24. [ ] (Writ of Possession or Writ of Sale) **Judgment** was entered for the following:
    a. [ ] Possession of real property: The complaint was filed on *(date):*
       *(Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)*

       (1) [ ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.

       (2) [ ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

       (3) [ ] The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) *(See CCP 415.46 and 1174.3(a)(2).)*

       (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

           (a) The daily rental value on the date the complaint was filed was  $
           (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates *(specify):*

    b. [ ] Possession of personal property.
       [ ] If delivery cannot be had, then for the value *(itemize in 24e)* specified in the judgment or supplemental order.
    c. [ ] Sale of personal property.
    d. [ ] Sale of real property.
    e. The property is described:   [ ] Below   [ ] On Attachment 24e

| EJ-130 [Rev. January 1, 2018] | **WRIT OF EXECUTION** | Page 2 of 3 |
|---|---|---|

|  | **EJ-130** |
|---|---|
| Plaintiff: TIMOTHY W. FITZ and KELLY E. FITZ <br> Defendant: Can D. Gidding, Four Year Gap, LLC, Midshore Marketing, Inc., et al. | CASE NUMBER: <br> 4:20-mc-80060-DMR |

**NOTICE TO PERSON SERVED**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

MC-012

| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 234423 | FOR COURT USE ONLY |
|---|---|
| NAME: Todd E. Jaworsky <br> FIRM NAME: McElroy, Deutsch, Mulvaney & Carpenter, LLP <br> STREET ADDRESS: 5600 South Quebec Street, Suite C100 <br> CITY: Greenwood Village  STATE: CO  ZIP CODE: 80111 <br> TELEPHONE NO.: 3032938800  FAX NO.: 3038390036 <br> E-MAIL ADDRESS: tjaworsky@mdmc-law.com <br> ATTORNEY FOR (name): Timothy W. Fitz and Kelly E. Fitz | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** U.S.D.C. - Northern District of California
STREET ADDRESS: 1301 Clay Street      4:20-mc-80060-DMR
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME: Oakland Division

PLAINTIFF: Timothy W. Fitz and Kelly E. Fitz
DEFENDANT: Can D. Gidding, Four Year Gap, LLC, Midshore Marketing, Inc. and Janus Arch

| **MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST** | CASE NUMBER: <br> 4:20-80060-DMR |
|---|---|

1. ☐ **Postjudgment costs**
   a. I claim the following costs after judgment incurred within the last two years *(indicate if there are multiple items in any category):*

   |  | Dates Incurred | Amount |
   |---|---|---|
   | (1) Preparing and issuing abstract of judgment | _____ | $_____ |
   | (2) Recording and indexing abstract of judgment | _____ | $_____ |
   | (3) Filing notice of judgment lien on personal property | _____ | $_____ |
   | (4) Issuing writ of execution, to extent not satisfied by Code Civ. Proc., § 685.050 *(specify county):* | _____ | $_____ |
   | (5) Levying officers fees, to extent not satisfied by Code Civ. Proc., § 685.050 or wage garnishment | _____ | $_____ |
   | (6) Approved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq. | _____ | $_____ |
   | (7) Attorney fees, if allowed by Code Civ. Proc., § 685.040 | _____ | $_____ |
   | (8) Other: _____ *(Statute authorizing cost):* _____ | | $_____ |
   | (9) Total of claimed costs for current memorandum of costs *(add items (1)–(8))* | | $_____ |

   b. All previously allowed postjudgment costs                                $_____
   c. **Total** of all postjudgment costs *(add items a and b)*                $_____

2. ☐ **Credits to interest and principal**
   a. I acknowledge total payments to date in the amount of: $_____ (including returns on levy process and direct payments). The payments received are applied first to the amount of accrued interest, and then to the judgment principal (including postjudgment costs allowed) as follows: credit to accrued interest: $_____ ; credit to judgment principal $_____ .
   b. **Principal remaining due:** The amount of judgment principal remaining due is $_____ . *(See Code Civ. Proc., § 680.300)*

3. ☒ **Accrued interest remaining due:** I declare interest accruing (at the legal rate) from the date of entry or renewal and on balances from the date of any partial satisfactions (or other credits reducing the principal) remaining due in the amount of $ 180,428.84 .   See Addendum hereto.

4. I am the:  ☐ judgment creditor     ☐ agent for the judgment creditor     ☒ attorney for the judgment creditor.
   I have knowledge of the facts concerning the costs claimed above. To the best of my knowledge and belief, the costs claimed are correct, reasonable, and necessary, and have not been satisfied.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 13, 2021

Todd E. Jaworsky, Esq.                                        /s/ Todd E. Jaworsky
(TYPE OR PRINT NAME)                                          (SIGNATURE OF DECLARANT)

---

**NOTICE TO THE JUDGMENT DEBTOR**
If this memorandum of costs is filed at the same time as an application for a writ of execution, any statutory costs, not exceeding $100 in aggregate and not already allowed by the court, may be included in the writ of execution. The fees sought under this memorandum may be disallowed by the court upon a motion to tax filed by the debtor, notwithstanding the fees having been included in the writ of execution. (Code Civ. Proc., § 685.070(e).)  A motion to tax costs claimed in this memorandum must be filed within 10 days after service of the memorandum. (Code Civ. Proc., § 685.070(c).)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-012 [Rev. September 1, 2018]

**MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

Code of Civil Procedure,
§§ 685.040, 685.070, 695.220
www.courts.ca.gov

MC-012

| Short Title: Timothy W. Fitz v. Can D. Gidding, et al. | CASE NUMBER: 4:20-80060-DMR |
|---|---|

## PROOF OF SERVICE

[x] Mail          [ ] Personal Service

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is:
   5600 South Quebec Street, Suite C100, Greenwood Village, CO 80111

3. [x] I mailed or personally delivered a copy of the *Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest* as follows *(complete either a or b):*

   a. [x] **Mail.** I am a resident of or employed in the county where the mail occurred.
      (1) I enclosed a copy in an envelope AND
         (a) [x] **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served: Can D. Gidding
         (b) Address on envelope: 477 Vermont Street, San Francisco, CA 94107
         (c) Date of mailing: January 13, 2021
         (d) Place of mailing *(city and state)*: Greenwood Village, CO

   b. [ ] **Personal delivery.** I personally delivered a copy as follows.
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 13, 2021

Todd E. Jaworsky, Esq.
(TYPE OR PRINT NAME)

▶   /s/ Todd E. Jaworsky
(SIGNATURE OF DECLARANT)

For your protection and privacy, please press the Clear This Form button after you have printed the form.    Print this form    Save this form   Clear this form

**ADDENDUM TO MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

I, Todd E. Jaworsky, declare the following:

1. On April 16, 2018 ("Judgment Date"), an amended default judgment was in favor of Timothy W. Fitz and Kelly E. Fitz and against Can D. Gidding a/k/a Can Danny Gidding a/k/a John Gidding, Midshore Marketing, Inc., Janus Arch, and Four Year Gap, LLC d/b/a Gidding & Spencer, jointly and severally in the principal amount of $819,926.66 (the "Judgment").

2. On March 6, 2020, the Judgment was domesticated into this Court at Case No. 4:20-mc-80060-DMR.  *See* Docket Entry No. 1.

3. In accordance with Colo. Rev. Stat. § 5-12-102, the Judgment states that interest at a rate of 8% *per annum*, compounded annually, is due on the principal amount of the Judgment.  *See* Docket Entry No. 1.

4. The principal Judgment−$819,926.66−multiplied by 8% equals $65,594.13 ("Annualized Interest").

5. The Annualized Interest amounts to a *per diem* interest amount of $179.71 ($65,594.13 % 365).

6. Therefore, interest accrued on the Judgment at a rate of $179.71 per day.

7. One Thousand and Four days have passed from the Judgment Date to the date of this Declaration.

8. Therefore, as of the date of this Declaration, $180,428.84 in interest is due and owing, and should be added to the Judgment (1004 X $179.71).

*/s/ Todd E. Jaworsky*
Todd E. Jaworsky, Esq.

**ADDENDUM TO MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST**

I, Todd E. Jaworsky, declare the following:

1. On April 16, 2018 ("Judgment Date"), an amended default judgment was in favor of Timothy W. Fitz and Kelly E. Fitz and against Can D. Gidding a/k/a Can Danny Gidding a/k/a John Gidding, Midshore Marketing, Inc., Janus Arch, and Four Year Gap, LLC d/b/a Gidding & Spencer, jointly and severally in the principal amount of $819,926.66 (the "Judgment").

2. On March 6, 2020, the Judgment was domesticated into this Court at Case No. 4:20-mc-80060-DMR. *See* Docket Entry No. 1.

3. In accordance with Colo. Rev. Stat. § 5-12-102, the Judgment states that interest at a rate of 8% *per annum*, compounded annually, is due on the principal amount of the Judgment. *See* Docket Entry No. 1.

4. The principal Judgment−$819,926.66−multiplied by 8% equals $65,594.13 ("Annualized Interest").

5. The Annualized Interest amounts to a *per diem* interest amount of $179.71 ($65,594.13 % 365).

6. Therefore, interest accrued on the Judgment at a rate of $179.71 per day.

7. One Thousand and Four days have passed from the Judgment Date to the date of this Declaration.

8. Therefore, as of the date of this Declaration, $180,428.84 in interest is due and owing, and should be added to the Judgment (1004 X $179.71).

*/s/ Todd E. Jaworsky*
Todd E. Jaworsky, Esq.